**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KENNETH LEE HOLCOMB, #171-984<br>           Petitioner | *<br>*|
| v. | Civil Action No. L-06-370 |
| | * |
| KATHLEEN S. GREEN and<br>THE ATTORNEY GENERAL OF THE<br> STATE OF MARYLAND | * |

******

**<u>MEMORANDUM</u>**

On February 13, 2006, Petitioner Kenneth Lee Holcomb ("Holcomb") filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his first degree murder conviction, which was entered against him by the Circuit Court for Baltimore County in 1984, more than twenty years earlier. (Docket No. 1.)  On March 15, 2006, Respondents filed an Answer to Holcomb's petition, addressing only its timeliness. (Docket No. 4.)  Pursuant to this Court's Order of April 21, 2006, Holcomb was granted an opportunity to file a reply to the Answer, explaining either (i) that his Petition was filed within the proper time frame or (ii) why the Petition should otherwise not be dismissed as untimely. (Docket No. 5.)  Although the Court granted Holcomb numerous extensions of time for him to prepare and file his Reply,[1] Holcomb was unable to file a substantive reply.  Rather, he simply advised the Court in writing that he was unable to show that his petition was timely filed. (Docket No. 10.) For the following reasons, the Court will DENY Holcomb's petition as time-barred under 28 U.S.C. § 2244(d).

**I.     Background**

After a jury trial in the Circuit Court for Baltimore County, Holcomb was convicted of

---

[1] In total, the Court provided Holcomb four months to prepare his Reply.

first degree murder on April 17, 1984. (Docket No. 4, Ex. 1.) He was sentenced on that same day to life in prison. (Id.) Holcomb's conviction was affirmed by the Court of Special Appeals of Maryland in an unreported opinion. (Id., Ex. 2.) That judgment was, in turn, affirmed by the Court of Appeals of Maryland in a reported opinion filed on October 2, 1986. (Id.) On May 29, 2002, Holcomb filed a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. (Id., Ex. 1.) On December 23, 2002, Holcomb withdrew his post-conviction petition, without prejudice. He has not instituted any other post-conviction proceedings. (Id.)

## II.     Analysis

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in state court. 28 U.S.C. § 2244(d).[2]   Although the statute is silent as to how it should be applied to

---

[2]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims

persons such as Holcomb whose convictions were finalized before April 24, 1996,[3] it is now clearly established that such persons had one year from the effective date of AEDPA to file a petition for writ of habeas corpus in federal court. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

The statute of limitations for Holcomb ran (with no tolling) during the following time periods, which clearly exceed one year: (i) April 24, 1996 (the effective date of AEDPA) until May 29, 2002 (when Holcomb filed his collateral post-conviction petition in state court), and (ii) December 23, 2002 (when Holcomb withdrew his state petition) and February 13, 2006 (when he filed the instant action). Accordingly, approximately nine years passed after AEDPA was enacted during which Holcomb had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period. See 28 U.S.C. § 2244(d)(2). Moreover, Holcomb has offered no arguments in favor of equitable tolling of the limitations period.

**III.   Conclusion**

For these reasons, the Court concludes that Holcomb's petition was not filed within the

---

    presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]  Holcomb's conviction became final in 1986, at the conclusion of his direct appeal. See 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202.

one-year limitations period and, therefore, is untimely. Accordingly, the Court, by separate Order, will DENY the Petition as time barred under 28 U.S.C. § 2244(d).

Dated this 22nd day of September, 2006.

                                          _____/s/_____
                                          Benson Everett Legg
                                          Chief Judge